Glen BATES *v.* STATE of Arkansas

CR 95-806                                    912 S.W.2d 417

Supreme Court of Arkansas
Opinion delivered December 18, 1995

*Witt Law Firm, P.C.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Senior Appellate Advocate, for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged with first-degree murder. Before the trial commenced, appellant moved to quash the jury panel on the ground that the circuit judge was not in the presence of the circuit clerk when the judge selected the random numbers that were to be used by the clerk in selecting the names to comprise the master list of prospective jurors for the following calendar year. *See* Ark. Code Ann. § 16-32-103 (Repl. 1994). The proof at the hearing showed that the circuit judge mailed a list of random numbers to the circuit clerk, and the clerk then selected the names which matched the random numbers from the voter registration list. The trial court denied the motion to quash, and a jury subsequently found appellant guilty of manslaughter. Appellant appeals from the trial court's ruling denying the motion to quash. The ruling was in

error, but because the error was harmless, we affirm the judgment of conviction.

The statute governing the process is so clear that it needs no construction or interpretation, even though it contains a typographical error. It is a well-thought-out statute, has a solid foundation in public policy, and is to be followed by the circuit judges and clerks. It is as follows:

(a) During the month of November or December of each year, the prospective jurors for the following calendar year shall be selected from among the current list of registered voters of the applicable district or county in the following manner:

(1) The circuit judge, in the presence of the circuit clerk, shall select at random a number between one (1) and one hundred (100), inclusive, which shall be the starting number, and the circuit court[1] shall then select the person whose name appears on the current voter registration list in that numerical position, counting sequentially from the first name on the list.

(2) The circuit clerk shall then select the one hundredth voter registrant appearing on the list after the starting number. As an example if the starting number is sixty-seven (67), which is the first selection, the second selection would be the one hundred sixty-seventh registered voter, the third selection would be the two hundred sixty-seventh registered voter, and so forth until the current registered voter list is exhausted.

(3) The circuit judge and the circuit clerk shall then repeat the random selection process until the number of jurors set out in the subsection have been selected.

Ark. Code Ann. § 16-32-103(a)(1)-(3) (Repl. 1994).

The trial court erred when it selected the random numbers outside the presence of the circuit clerk and by not being

---

[1] The word "court" is a typographical error for the word "clerk." Page 1772 of vol. II, book 2 of the 1979 General Acts of Arkansas reads, "and the Circuit *Clerk* shall then select the person whose name appears. . . ."

present when the selection was made, but even so, we do not reverse because the error was harmless. In this case, there is no hint that the circuit judge did anything other than randomly select the numbers, and there is no hint that the circuit clerk did anything other than correctly apply the random numbers to the voter registration list.

Appellant's motion to quash is not abstracted, and we do not know the full content of the allegations in the motion. The record, as abstracted, does not reveal whether the jury panel that found appellant guilty was picked from a venire composed of the prospective jurors that were improperly placed on the master jury list. Moreover, the abstract does not reveal any information about the panel selected; it does not show the race, gender, age, or occupation of any of the jurors or whether there might be some ground for us to suspect bias. The record does not show that appellant exercised any of his peremptory challenges, and, certainly, it does not reflect that he exhausted his peremptory challenges and was forced to take a juror he did not want. *See Shelton* v. *State*, 254 Ark. 815, 496 S.W.2d 419 (1973). Accordingly, we hold that the error was harmless and affirm the judgment of conviction.

Affirmed.